[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13407

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YOUNES ALI,

Interested Party-Appellant,

JONATHAN CRUZ,
a.k.a. Big Man,
a.k.a. Boss Man,
a.k.a. Chico Li,

2                    Opinion of the Court                    22-13407

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cr-20487-MGC-1

_____

_____

No. 23-10398

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONATHAN CRUZ,
a.k.a. Big Man,
a.k.a. Boss Man,
a.k.a. Chico Li,
ERIC ORTIZ MELENDEZ,
a.k.a. E,
JORGE APONTE FIGUEROA,

Defendants,

YOUNES ALI,

Interested Party-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cr-20487-RNS-1

———————————

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Younes Ali challenges several rulings made by the district court before and during the trial of Ali's acquaintance, Jonathan Cruz.[1]  Ali challenges the district court's refusal to quash several subpoenas issued to Google[2] requesting the subscriber and account information associated with Ali's e-mail and YouTube accounts and the district court's striking of Cruz's motion to enjoin the enforcement of Florida's two-party consent

---

[1] Ali was not a defendant in the criminal proceedings, but claims he was an interested third-party.

[2] In addition to hosting Ali's email accounts, Google is also the parent company of YouTube.

law for recording conversations in violation of the First Amendment. After review, we conclude that all Ali's claims fail to confer subject-matter jurisdiction.

## I.    Background

The present appeal arises from the trial and conviction of Jonathan Cruz for his participation in a string of robberies between 2016 and 2017. However, Cruz is not a participant in these proceedings. Indeed, none of the present issues involve his conviction in any way. Instead, Younes Ali has chosen to make Cruz's criminal case the stage for airing his grievances against the federal government.[3]

Ali is a self-described "investigative journalist" who became involved in Cruz's case in the summer of 2019 while they were jointly incarcerated in the Miami Federal Detention Center. After speaking with Cruz, Ali became convinced that Cruz was the subject of a widespread federal conspiracy and became involved in Cruz's case with the intention to document Cruz's prosecution and assist in Cruz's defense.

Discovery in Cruz's case was expansive. It included searches of the defendant's cell phone as well as personal identifying

---

[3] Given the unusual procedural posture of adjudicating an appeal from a non-party in a criminal case, we note at the outset that both the district court and this Court have previously granted Ali permission to pursue his appeal, despite Cruz being previously dismissed from this appeal and despite the government's prior motion to dismiss Ali from the case for lack of standing.

information regarding Cruz's victims.  Due to the sensitive nature of this information, the court issued an order that the parties "shall not provide the material responsive to the Standing Discovery Order to any person except as specified in the Court's order or by prior approval of the Court."

After receiving several e-mails sent by Ali allegedly containing exonerating evidence Ali obtained while investigating the case for Cruz and learning that Ali might be called as a witness, the government issued two subpoenas to Google seeking "Subscriber Information, Account Information, and Account History" for a Gmail address beginning in "younesali" and for a phone number allegedly connected to Ali.  Cruz  filed a *pro se* motion[4] to quash the subpoenas and requested an injunction immunizing Ali from any investigation or prosecution resulting from Ali's alleged violation of "Florida's Two-Party Consent" law.[5] The district court denied the motion in a paperless order, and thereafter entered a second paperless order striking Cruz's motion because Cruz had violated local rules by filing the motion *pro se* while he was represented by counsel.  Cruz, again acting *pro se*, moved for reconsideration of the order striking his motion to

---

[4] Cruz asserted that Ali "join[ed]" in the motion.

[5] Florida's two-party consent law states in relevant part: "It is lawful under this section . . . for a person to intercept a wire, oral, or electronic communication when all of the parties to the communication have given prior consent to such interception."  Fla. Stat. § 934.03(2)(d).

quash the subpoenas,[6] and Ali filed an independent motion to quash the subpoenas, asserting that he was incorporating by reference the contents of Cruz's previously struck motion to quash. The district court denied the motions, emphasizing that in addition to Cruz's violation of local rules by filing documents *pro se* while counseled, Ali did not have standing to challenge the subpoenas because he was not the party to whom the subpoenas were directed. Meanwhile, Google complied with the subpoenas and provided the requested account information. Cruz was ultimately convicted.

In January 2023, while Cruz was awaiting sentencing, the government notified the district court of a YouTube video that violated the court's protective order and moved for an order directing Google to remove the video. The video contained portions of a codefendant's statement to FBI agents and was uploaded on a YouTube channel called "The Investigation." In that motion, the government noted that it had issued a third subpoena to Google in November 2022 for records providing proof of who controlled "The Investigation" channel. The district court granted the motion. Google complied with the subpoena for records relating to the ownership of the YouTube channel in question, but did not comply with the court order directing it to remove the video.

---

[6] Cruz asserted that Ali joined the motion for reconsideration.

Prior to Cruz's sentencing, Ali filed an initial notice of appeal, asserting that he was challenging (1) the orders denying the motions to quash the first two subpoenas issued regarding his Gmail accounts and phone number; and (2) the order denying the motion for reconsideration. Following the filing of the third Google subpoena, he filed an additional motion with the district court seeking leave to appeal the video removal order and requesting that the district court quash the November 2022 subpoena requesting account information for his YouTube channel. The district court granted the motion in part, stating Ali could appeal without seeking approval of the court, and denying his motion to quash the subpoena. Ali then filed a second notice of appeal, challenging the removal order and the denial of the motion to quash the latest subpoena, which was docketed as a separate appeal in this Court.

The government moved to dismiss Ali's second appeal, arguing that we lacked jurisdiction over the video removal order and the order denying the motion to quash the November 2022 subpoena and moving to dismiss that portion of Ali's appeal. We granted the motion to dismiss in part, concluding that Ali lacked standing to appeal the video removal order because the order was directed at Google and not Ali. However, we concluded that we had jurisdiction over the denial of his motion to quash the November 2022 subpoena because Ali alleged a "reporter's privilege" to the information sought from Google and was otherwise "powerless to prevent Google" from releasing it to the government, thus granting him standing at that time to seek to

preserve his alleged privilege. *See Doe No. I v. United States*, 749 F.3d 999, 1006 (11th Cir. 2014).

We then consolidated Ali's appeals. With this procedural background in mind, we turn to the arguments on appeal.

## II.    Discussion

Ali argues that the district court erred in denying his motions to quash the subpoenas issued to Google relating to his email and YouTube accounts because he alleges they were intended to interfere with his journalism. He also argues that the district court erred in striking instead of granting Cruz's motion to enjoin the enforcement of Florida's two-party consent law for recording conversations in violation of the First Amendment. The government in turn argues that Ali's motions to quash are moot and that the district court lacked jurisdiction to issue the requested injunction against Florida. We find jurisdiction lacking for each of Ali's claims and therefore dismiss his appeal.

A. *We lack subject matter jurisdiction over Ali's appeal of Cruz's request for injunctive relief against Florida's two-party consent laws.*

Ali challenges the district court's order striking Cruz's motion to enjoin enforcement of Florida's two-party consent law against him. The government argues that the district court lacked jurisdiction to "entertain such a challenge" during Cruz's trial because Ali has not filed any claim in federal court against the state of Florida alleging a constitutional violation. But before analyzing the jurisdiction of the district court, we must determine whether an appeal sits within our own jurisdiction as established by Congress. *United States v. Amodeo*, 916 F.3d 967, 970 (11th Cir. 2019) ("this Court must satisfy itself of its jurisdiction before we can address whether the district court had jurisdiction.").

As a general rule, only the "final decisions of the district courts" are appealable unless an exception applies. 28 U.S.C. § 1291; *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) ("[w]e apply the final judgment rule with utmost strictness in criminal cases.") (quotations omitted). In criminal cases, we have stated that the lone exception to a challenge under § 1291's final order requirements is if the "the challenged order falls within the collateral order doctrine, which permits appellate review of an interlocutory order" when certain "narrow" exceptions apply. *Shalhoub*, 855 F.3d at 1260. Alternatively, this court also possesses jurisdiction to entertain certain interlocutory challenges under 28 U.S.C. § 1292 related to "refusing or dissolving injunctions" by the

district court.[7]   Because Ali's appeal does not relate to any final order, it is best understood as appealing an interlocutory order or an alleged denial of the request for an interlocutory injunction against enforcement of Florida's two-party consent law.

However, essential to the application of either the collateral order doctrine or a challenge to a refusal of injunctive relief under 28 U.S.C. § 1292 is the existence of an order.  *Shalhoub*, 855 F.3d at 1260 (the collateral order doctrine applies to appeals challenging "*an order*") (emphasis added).  Thus, in the present case, we lack jurisdiction to address Ali's request for equitable relief against Florida under the plain language of § 1292 because no such order exists.  Cruz purportedly made the request for relief on behalf of Ali as part of a *pro se* motion, which the district court properly struck as impermissible while Cruz was represented by counsel. While it is true that failing to rule on a motion for injunctive relief can constitute a "refusal" for purposes of § 1292, it cannot be said

---

[7] 28 U.S.C. § 1292 states, in relevant part, the following:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

that the district court "refused" to grant an injunction where the district court struck the motion in lieu ruling on the merits. *Cf. United States v. Lynd*, 301 F.2d 818, 822 (5th Cir. 1962) ("the movant . . . was clearly entitled to have a ruling from the trial judge [on his motion], and since he did not grant the order his action in declining to do so was in all respects a 'refusal'"). Once struck, the motion was not denied or ignored, but instead was no longer part of the record at all.

Though Ali twice moved for reconsideration and stated that he was incorporating by reference Cruz's struck *pro se* motion, the substance of Ali's motions instead focused solely on the motions to quash. Indeed, in its paperless order denying Ali's motions, the district court mentioned only the motions to quash. Thus, it does not appear that the district court ever considered, much less ruled on, the merits of the request for injunctive relief. Accordingly, there is no interlocutory order denying injunctive relief from which Ali can appeal, and we lack jurisdiction to entertain his appeal.[8]

---

[8] To the extent Ali's brief maintains his challenge to the protective order prohibiting dissemination of any discovery materials by requesting for the first time on appeal that we enjoin the FBI and the district court from "imprisoning" him for contempt without first "permitting him an adversarial hearing and an opportunity" to challenge the validity of the protective order, jurisdiction is likewise lacking to address this claim. Ali lacks standing to make such a request because any threat of prosecution for violating the protective order is purely hypothetical and it is unclear whether Cruz's criminal case is an appropriate venue to sustain this challenge at all. *Baughcum v. Jackson*, 92

B. *Ali's appeal of the motions to quash the Google subpoenas and related motion for reconsideration is moot.*

Ali argues that the district court erred in denying his motions to quash the subpoenas relating to his email and YouTube accounts issued to Google. The government argues that his claims are moot. We agree with the government.

We begin by noting that we have jurisdiction to consider Ali's appeal relating to the district court's denial of his motions to quash. As we previously held in our order regarding Ali's challenge to the November 2022 Google subpoena, we have jurisdiction to consider Ali's appeals relating to the district court's denial of his motions to quash due to his claim of a "reporter's privilege."

However, "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation omitted). Thus, "[i]f, during the pendency of an appeal, an event occurs that makes it

---

F.4th 1024, 1031 (11th Cir. 2024) ("An injury in fact must be concrete and particularized and actual or imminent, rather than conjectural or hypothetical."). While a credible threat of prosecution in violation of the Constitution may be sufficient to satisfy the injury in fact requirement, a "highly attenuated chain of possibilities" resting "on speculation about the decisions of independent actors" fails to "satisfy the requirement that threatened injury must be certainly impending," particularly where this appeal does not involve a case, hypothetical or real, against Ali at all. *City of S. Miami v. Governor of Fla.*, 65 F.4th 331, 637 (11th Cir. 2023).

impossible for this court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed as moot." *In re Grand Jury Proc.*, 142 F.3d 1416, 1421 (11th Cir. 1998) (quotation omitted).

Ali's appeal of the subpoenas is moot because Google has already complied with the subpoenas and no "effectual relief" can be granted by this Court. We have held that where no tangible property is at issue, the mere loss of information is not an injury that is redressable by this Court once a subpoena has been complied with. *See In re Grand Jury Proc.*, 142 F.3d at 1422 ("Physical property can be retrieved; words, once uttered, cannot."). In this case, Google has not turned over any of Ali's property to the government. Instead, Google has conveyed information in their own possession relating to Ali's Google accounts to the government. No remedy we can provide can alleviate Ali's alleged harm, so his claim is therefore moot.

### III.    Conclusion

Federal courts are courts of limited jurisdiction. It is essential that the right parties and right issues are presented for jurisdiction by this Court to be appropriate. Ali's appeals are therefore dismissed without prejudice for lack of jurisdiction.

**DISMISSED WITHOUT PREJUDICE**